## THE PEOPLE *v.* VALCOURT.

### APPEAL from the District Court of Guayama.

No. 255.—Decided November 10, 1910.

CRIME AGAINST THE EXECUTIVE POWER—ASSAULT AND BATTERY—INSULAR POLICE.—Section 84 of the Penal Code has not been repealed by section 6 of the Act of March 10, 1904, referring to assault and battery, inasmuch as the crime punished by the former consists in an attempt, by the use of violence, to prevent an executive officer from performing his duties; whereas section 6 of the act provides against violent injury, wilfully committed, to an officer in the lawful discharge of his duties, which latter constitutes an aggravating circumstance of the crime of assault and battery thus committed. Both provisions may stand together and it cannot be maintained that the former was repealed by the latter.

APPEAL—CHARGE OF THE COURT.—In order that the charge of the court to the jury may be considered on appeal, it must be duly authenticated by the signature of the trial judge.

ID.—VERDICT OF GUILTY WITH EXTENUATING CIRCUMSTANCES.—In the case at bar the following verdict was given: "We, the jury, declare the defendant, Miguel Valcourt, to be guilty of the crime against the executive power, with extenuating circumstances." On appeal it was *Held:* 1. That although the verdict would have been clearer had the words "guilty of the crime against the executive power, of which he is charged," been employed; however, the finding of the jury is expressed with sufficient clearness, and it cannot be an-

nulled; 2. That the fact that the jury found extenuating circumstances, and so declared in their verdict, does not render the verdict null, and that such declaration lacks legal effect; 3. That it is the province of the court, and not of the jury, to consider extenuating circumstances.

The facts are stated in the opinion.

Mr. *Luis Llorens Torres* for appellant.

Mr. *Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The prosecuting attorney of the District Court of Guayama filed an information against Miguel Valcourt charging him with the commission of a crime against the executive power. The defendant pleaded not guilty, and upon his request a trial by jury was held, the following verdict being rendered thereby: "1214. *The People of Porto Rico* v. *Miguel Valcourt.* We, the jury, find the accused, Miguel Valcourt, guilty of the crime against the executive power, with extenuating circumstances. Guayama, P. R., June 15, 1910. César María Ortiz, Foreman of the Jury." Thereupon the district court pronounced judgment sentencing the defendant to one and one-half years' imprisonment in the penitentiary at hard labor. From this judgment the present appeal has been taken.

In his brief before this Supreme Court, the convict, through his counsel, sets up three grounds in support of the appeal, viz: 1. That the district court did not have original jurisdiction of the case; 2. That the trial judge erred in charging the jury; and, 3. That the verdict of the jury is vague and uncertain.

Let us examine the first ground. The appellant maintains that section 84 of the Penal Code was repealed by the "Act to define and punish simple assault, simple assault and battery, aggravated assault, and aggravated assault and battery, and to repeal section 237 of the Penal Code," approved March 10, 1904 (Laws of P. R., 1904, p. 41), and that such being the case the act with which the accused was charged was not a felony

but a misdemeanor, wherefore the district court lacked original jurisdiction to take cognizance of the matter.

Section 84 of the Penal Code forms part of Title VIII of said Code in regard to "crimes by and against the executive power," and reads:

"Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer in the performance of his duty, is punishable by fine not exceeding five thousand dollars, and imprisonment in the penitentiary not exceeding five years."

The relevant portion of the assault and battery act abovementioned reads as follows:

"Section 6.—An assault and battery becomes aggravated: * * * 1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

The criminal act mentioned in section 84 consists in an attempt by the use of violence to prevent an executive officer from performing the duties of his office, whereas the criminal act defined in the Law of March 10, 1904, consists in a violent injury intentionally inflicted upon the person of an officer in the lawful discharge of the duties of his office, the fact that the person assaulted was an officer in the discharge of his duties constituting an aggravating circumstance of the crime of assault and battery committed on the person of another.

Both laws are independent of each other and may stand in full force at the same time, and by no means can it be concluded that the later, or that of 1904, repeals the earlier.

"A statute may be repealed either expressly or by necessary implication. A statute is repealed by implication if a later statute is so repugnant to the earlier one that the two cannot stand together, or if the whole subject of the earlier statute is covered by the later one having the same object, and which was clearly intended to prescribe

the only rules applicable to the subject. A repeal by implication, how-. ever, is not favored, and if by any reasonable construction the two, can stand together in full force, or if the latter is merely affirmative or cumulative, or auxiliary and not inconsistent, there is no repeal. And, notwithstanding inconsistency, there is no repeal, if it clearly appears that the legislators did not intend to repeal. The fundamental test in all cases is the intention of the legislature." (12 Cyc., 143.)

As to the second ground, we cannot even consider it, because the instructions to the jury appear without the signature of the judge, and cannot, therefore, be regarded as duly authenticated. It has been so held by this court on other occasions.

And as to the third, we are of the opinion that although the verdict would have been clearer had the words "of which he is accused" or "imputed to him," or some such, been employed after the words "guilty of the crime against the executive power," the verdict, as it stands, expresses the finding of the jury without leaving any room for doubt, and, this being the case, the judgment appealed from should not be reversed.

"A strict adherence to the statutory form of verdict is not usually required. An informal verdict, if intelligible, is sufficient where it is clearly understood to be a general verdict of guilty or not guilty; but where it is so indefinite and uncertain as to be unintelligible, the court will entertain and sustain a motion in arrest of judgment." (12 Cyc., 689.)

(See sections 283 and 461 of the Code of Criminal Procedure, and the opinion of this court in the case of The People v. Asencio [16 P. R. Rep, 337], decided May 17, 1910.)

And, finally, we are of the opinion that if the jury found that there existed extenuating circumstances and so stated in their verdict, this fact does not annul the verdict. Under the provisions established by sections 320 and 321 of the Code of Criminal Procedure, it is the province of the court and

not of the jury to make such finding; wherefore the only conclusion to be drawn is that in the verdict something extraneous was included, which for this reason can have no legal effect.

Moreover, after a careful perusal of the transcript, we do not find that any material error has been committed.

The appeal should be dismissed and the judgment affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.